# Order

Michigan Supreme Court
Lansing, Michigan

June 15, 2012

144261

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

BOBBY JAY FISK,
        Defendant-Appellant.

SC: 144261
COA: 297455
Kent CC: 08-011230-FC

_____/

On order of the Court, the application for leave to appeal the October 27, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARILYN KELLY, J. (*concurring*).

This defendant has been sentenced to four life sentences, two of which are nonparolable. He has not challenged any of the life sentences. Therefore, requiring resentencing for the felonies with the lower offense classes would be a waste of judicial resources. Remanding this case could have no practical effect on the sentences this defendant will serve.

Our decision is not intended to apply to cases in which the failure to score lower offense class felonies could possibly affect the sentence a defendant will serve. Therefore, our refusal to remand for a useless task cannot possibly dilute the sentencing guidelines or threaten the integrity of the law as the dissenting justice fears.

MARKMAN, J. (*dissenting*).

Our sentencing guidelines state, "If the defendant was convicted of multiple offenses, subject to section 14 of chapter XI [of the Code of Criminal Procedure], score *each offense* as provided in this part." MCL 777.21(2) (emphasis added). Section 14 of chapter XI requires the probation officer to score only the felony with the highest offense class when concurrent sentences are to be imposed. MCL 771.14(2)(e)(*iii*). The prosecutor argues that when concurrent sentences are imposed, the trial court only has to score the highest-class felony, while defendant argues that, even if the probation officer only has to score the guidelines for the highest-class felony, the court itself must score the guidelines for all felonies.

While there is room for puzzlement with regard to why different obligations would obtain for the trial court and the probation officer, MCL 777.21(2) nonetheless is explicit that the trial court must score "each offense." This is underscored by other sentencing statutes. MCL 769.34(2) states that "the minimum sentence imposed by a court of this state for a felony . . . committed on or after January 1, 1999 shall be within the *appropriate sentence range*," and MCL 769.34(3) states, "A court may depart from the *appropriate sentence range* . . . [only] if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." (Emphasis added.) In order for the trial court to know whether it is sentencing within the "appropriate sentence range," it must obviously score an offense in the first place. Moreover, there is no apparent reason why a comprehensive scheme of sentencing guidelines would arbitrarily except from its coverage felonies simply on the basis that they are scored at the same time as other criminal offenses. That the probation officer may have a more limited scoring obligation when concurrent sentences are to be imposed does little, in my judgment, to overcome the explicit statutory directive that the trial court must "score each offense." MCL 777.21(2).

As a result of the majority's decision not to address this issue, a trial court is now empowered to sentence a defendant on the lower-class felony to a term that may exceed the guidelines—indeed, that may even exceed the guidelines that are applicable to the highest-class felony—without the obligation to articulate any substantial and compelling reason for what would otherwise be an upward departure. Concomitantly, the trial court would be empowered to sentence a defendant on the lower-class felony to a term that may depart below the guidelines without the obligation to articulate a substantial and compelling basis for doing so. It is hard to conceive that the Legislature, in framing the guidelines, could have contemplated that those guidelines, designed to promote reasonably equal sentences for reasonably equally situated defendants, could be so easily circumvented and for no apparent good reason.

I am cognizant that in most cases scoring the lower-class felony will have little practical effect because (1) if the trial court departs upward in imposing a sentence for the lower-class felony, this sentence will in all likelihood, as in this case, still not exceed the sentence imposed for the highest-class felony and (2) if the trial court departs downward in imposing a sentence for the lower-class felony, the defendant will still be required to serve the presumably lengthier sentence imposed for the highest-class felony. Nonetheless, the trial court should be required, as the law provides, to score all felonies and sentence within the applicable guideline range for each, because otherwise a trial court could, *absent the articulation of substantial and compelling reasons* (a) depart upward so high in imposing a sentence for the lower-class felony that the sentence might exceed even the guideline range of the highest-class felony or (b) depart downward in imposing a sentence for the lower-class felony, which sentence would become the

effective sentence of the court in the event that defendant's convictions and sentences for the highest-class felonies were subsequently reversed on appeal.

I respectfully disagree with the concurring justice that addressing the sentencing guidelines issue in this case would constitute a "waste of judicial resources" because it is unlikely to have any "practical impact" on this defendant. Specifically, I do not believe it is a "waste of judicial resources" for this Court to require sentencing courts to undertake what is plainly obligated of them by the Legislature, particularly in the face of Court of Appeals decisions apparently relieving these courts of such obligations. By denying leave to appeal, this Court ensures that large numbers of criminal sentencings will take place in which the requirements of the Legislature will not be complied with. And although, as I have acknowledged, more often than not such noncompliance with the sentencing guidelines will have no "practical impact" on a defendant's sentence, in some number of such cases there *will* be a practical impact and an appeal will not be undertaken by the prosecutor or the defendant in reliance on what I believe are clearly erroneous decisions of the Court of Appeals. In the end, trial courts will be allowed to impose sentences that are above or below the guideline range *absent* the obligation of having to articulate "substantial and compelling" reasons for doing so. And as a result, the sentencing guidelines enacted by the Legislature to render criminal sentences more uniform and less arbitrary will have been slightly diluted, and for no good reason at all. It is no "waste of judicial resources" for this Court to undertake every reasonable effort to maintain the integrity of the law that has become the foundation of our state's criminal justice system. The concurring justice also contends that "our refusal to remand for a useless task cannot possibly dilute the sentencing guidelines or threaten the integrity of the law . . . ." This is true, of course, only if one assumes that the trial courts of the state do not feel bound to follow the binding decisions of the Court of Appeals.

Because I continue to believe that the guidelines require that *all* felonies be scored and that *all* departures be justified, I would remand to the trial court for it to score all the offenses for which defendant was convicted and either sentence defendant within the guideline range or else articulate substantial and compelling reasons in support of a departure. I would also require the trial court to adjust defendant's sentences that exceed the statutory maximums, which would then also require the court to ensure that defendant's minimum sentences do not exceed 2/3 of the statutory maximum sentences, as they currently do.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 15, 2012

s0612

Clerk